# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICK SCHAFF, JEFF BONIFAS, JOE CASCANTA, MARK COVERT, JAMES FINCH, KEITH FUNDAK, RICHARD LENZEN, MIKE PETROFSKY, and DANIAL RENZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSOCEAN LTD.; BP, PLC; BP PRODUCTS NORTH AMERICA, INC.; BP AMERICA, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; HALLIBURTON ENERGY SERVICES, INC.; CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION; JOHN and JANE DOES A through G; and CORPORATIONS W through Z,<br><br>Defendants. | C.A. No.<br><br>Judge<br><br>Mag. Judge<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

PLAINTIFF's, RICK SCHAFF, JEFF BONIFAS, JOE CASCANTE, MARK COVERT, JAMES FINCH, KEITH FUNDAK, RICHARD LENZEN, MIKE PETROFSKY and DANIAL RENZ, individually and on behalf of all others similarly situated, whose occupation as commercial divers and ability to perform their chosen occupation was destroyed and/or adversely and detrimentally affected on April 20, 2010, when the semi-submersible drilling rig Deepwater Horizon owned by Transocean LTD and leased by BP, PLC and/or BP affiliated companies

exploded, burned, and subsequently sank in the Gulf of Mexico, said Class being more precisely defined below, and files this Class Action Complaint against Defendants, and states as follows:

## I.   INTRODUCTION

1.   This is a class action under Rule 23 of the Federal Rules of Civil Procedure for compensatory damages and exemplary and/or punitive damages for the discharge of crude oil into the Gulf of Mexico, which has caused or may cause or contribute to cause injuries and damages to Plaintiff.  It is the purpose of this class action suit to address and resolve on a class basis the injuries and damages suffered by Plaintiffs and a class of plaintiffs, whose economic livelihoods and properties have been or will be damaged by the discharge of crude oil caused or contributed to be caused by the explosion, burning, and sinking of the Deepwater Horizon rig. More specifically, this is a class-action for declaratory relief brought by commercial divers and others in the offshore oil production service industry pursuant to 28 U.S.C. § 2201 to obtain a judgment against Defendants confirming that Plaintiff and class members who have suffered lost profits and/or an impairment of earning capacity have standing to submit a claim pursuant to the Oil Pollution Act, 33 U.S.C. § 2701, et. seq., and the regulations promulgated thereunder, including specifically 33 C.F.R. § 136.231 (A), for lost profits and/or loss of earning capacity arising from the fire, explosion and subsequent oil spill aboard the Oil Rig and Vessel MUDU DEEPWATER HORIZON on April 20, 2010, on the Outer Continental Shelf off the Louisiana Coast.

## II.   PARTIES

2. Plaintiffs,

   a. Rick Schaff, resident of Louisiana

   b. Jeff Bonifas, resident of Texas

   c. Joe Cascante, resident of Louisiana

   d. Mark Covert, resident of Texas

   e. James Finch, resident of Texas

   f. Keith Fundak, resident of Louisiana

   g. Richard Lenzen, resident of Louisiana

   h. Mike Petrofsky, resident of Louisiana

   i. Danial Renz, resident of Florida

Above named plaintiffs are commercial divers or other individuals providing supervision or support of commercial divers and/or offshore oil production service industry who are unable to practice their profession as the result of the explosion of the Deepwater Horizon on 20 April 2010.

3. Defendant BP, PLC is an international corporation doing business in the United States of America with its corporate headquarters at 1 St. James Square, London, United Kingdom. BP, PLC maintains a corporate office in the United States of America at 501 Westlake Park Boulevard, Houston, Texas.

4. Defendant BP Products of North America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America. All allegations and claims asserted herein

against defendant BP, PLC are incorporated by reference against BP Products of North America, Inc.  BP Products of North America, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

5.      Defendant BP America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America.  All allegations and claims asserted herein against defendant HP, PLC are incorporated by reference against BP America, Inc.  BP America, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

6.      Defendant Transocean Offshore Deepwater Drilling, Inc. is a Transocean Ltd.-affiliated corporation doing business in the United States of America.  Transocean Offshore Deepwater Drilling, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

7.      Defendant Transocean Deepwater, Inc. is a Transocean Ltd.-affiliated corporation doing business in the United States of America.  Transocean Deepwater, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

8.      Defendant Halliburton Energy Services, Inc. (hereafter "Halliburton") is a Delaware corporation doing business in the United States of America and licensed to do business in the State of Mississippi.  Halliburton may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the Federal Rules of Civil Procedure and law.

9.      Defendant Cameron International Corporation f/k/a Cooper Cameron Corporation (hereafter "Cameron International") is a Delaware corporation doing business in the United

States of America.  Cameron International may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the Federal Rules of Civil Procedure and law.

### III.     CLASS DEFINITION

10. Plaintiffs bring this action on their own behalf and as Class Representatives on behalf of a Class of others similarly situated in accordance with Rule 23 of the Federal Rules of Civil Procedure.  The Class upon whose behalf this suit is brought is defined as commercial divers and/or offshore oil production service industry.

### IV.     JURISDICTION & VENUE

11. Jurisdiction is proper in this Court under 33 U.S.C. § 2701, *et seq*.

### V.     FACTS COMMON TO THE CLASS

12. Transocean Ltd., Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. (collectively hereafter "Transocean") are the owners and/or operators if the Deepwater Horizon semi-submersible oil drilling rig, which was performing drilling completion operations for BP, PLC, BP Products of North America Inc., and BP America, Inc. (collectively hereafter "BP") in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico on April 20, 2010.

13. BP is the holder of a lease granted by the Minerals Management Service, which allows BP to drill for oil and perform oil-production-related operations at the site of the oil spill, and on April 20, 2010, operated the oil well that is the source of the oil spill.

14. Upon information and belief, Cameron International manufactured and/or supplied the Deepwater Horizon's blowout preventers ("BOPs") that failed to operate upon the explosion, which should have prevented the oil spill. Upon information and belief, the BOPs were defective because they failed to operate as intended. To this extent, Cameron International is liable to Plaintiff and the Class for supplying this defective product in addition to being liable for its negligence, gross negligence, and/or willful, wanton, and reckless conduct.

15. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressures at the well and causing and/or contributing to cause the fire, explosion, and resulting oil spill.

16. On April 20, 2010, Transocean was operating the semi-submersible oil drilling rig Deepwater Horizon in the in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico.

17. On April 20, 2010, the Deepwater Horizon rig caught fire and exploded. As a result of the fire and explosion, the crew of the Deepwater Horizon abandoned the rig. Of the 126-member crew, the fire and explosion killed eleven members and injured seventeen others, three of them critically.

18. On April 22, 2010, the Deepwater Horizon sank.

19. As a result of the fire, explosion, and sinking of the Deepwater Horizon, the oil well drilled by the Deepwater Horizon began to leak crude oil into the Gulf of Mexico at a rate of at least several thousand per day. As of the time of the filing of this Class Action Complaint, a massive effort has been launched by the United State Government and the Defendants to

contain the large amount of crude-oil discharge.  As of the time of the filing of this Class Action Complaint, the oil well has not been permanently capped.  The resulting discharge has created a large rainbow sheen of oil with areas of emulsified crude have encroached upon the shorelines of Louisiana, Mississippi and Florida.  This oil slick has caused or will cause the natural resources of the Gulf of Mexico to be injured, destroyed, or lost, as well as cause the injury, destruction, and loss of personal and real property.

20. The massive oil slick created by the discharge of crude oil into the Gulf of Mexico has caused or will cause injuries and damages to the Class to the extent that the offshore oil production services industry has been closed and/or slowed negatively effecting the plaintiffs ability to work.

21. The injuries and damages suffered by Plaintiff and the Class were caused by Defendants' violation of numerous statutes and regulations, including but not limited to regulations issued by OSHA and the United States Coast Guard, including requirements to test the sub-sea BOPs at regular interval.

22. There are many other effects from the oil spill that have not yet become known, and Plaintiff reserves the right to amend this Class Action Complaint when additional information becomes available.

25. The President of the United States has identified BP as the responsible party pursuant to 33 U.S.C. § 2714 (a), and BP has acknowledged its status as the party responsible for the oil spill in various public media and through various company officials, including BP

American President and Chairman Lamar McKay's testimony before the United States Senate Energy and Natural Resources Committee.

26. The injuries and damages suffered by Plaintiff and the Class members were caused by Defendants gross negligence and willful (or, alternatively, negligent) violations of numerous federal statutes, standards, and regulations including, but not limited to, statutes and regulations issued by the United States Coast Guard the Occupational Safety and Health Administration ("OSHA") and/or Minerals Management Service ("MMS"), including the requirement to test the sub-sea blowout prevention at regular intervals.

27. Defendants knew of the dangers associated with deep-water drilling and failed to take appropriate measures to prevent damage to Plaintiff, to Louisiana's and the Gulf of Mexico's marine and coastal environments and estaurine areas, and the Coastal Zone.

### VI. CLASS ALLEGATIONS

28. Plaintiff brings this Class Action pursuant to Federal Rules of Civil Procedure 23(a) on his own behalf and on behalf of the Class described above on the grounds that:

(1) Plaintiff is a member of the Class he seeks to represent;

(2) The Class consist of at least hundreds of individuals and is therefore so numerous that joinder of all members is impracticable;

(3) Questions of law or fact are common to the Class.

(4) Plaintiff's claims are typical of the Class members' claims, because Plaintiff and all Class members have sustained or will sustain damages as

a result of the negligence, gross negligence, misconduct, and strict liability of the Defendants.

(5) Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

29. Plaintiff further brings this Class Action pursuant to Federal Rules of Civil Procedure Rule 23(b)(1) and 23(b)(3), because: (1) prosecuting separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendants; (2) as a practical matter, adjudications with respect to individual members of the Class would be dispositive of the interest of the other member not parties to the individual adjudications and would substantially impair their ability to protect their interests; and (3) questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Plaintiff has retained counsel who are competent and experienced in matters such as these. Counsel is committed to vigorous prosecution of this action.

31. The expense and burden of litigation would substantially impair the ability of many members of the Class to pursue individual cases to protect their rights.

## VII. CAUSES OF ACTION

**(Negligence, Gross Negligence, and Willful, Wanton and
Careless Disregard for Plaintiff's Rights)**

32. Plaintiff incorporates the allegations of paragraphs 1 through 30 above.

33. Defendants, and each of them, were negligent, grossly negligent, and/or acted with willful, wanton, and careless disregard for the rights of Plaintiff and the Class with regard to the operation of the Deepwater Horizon.

34. Defendants, and each of them, are liable to Plaintiff and the Class for:

    a. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to adequately and thoroughly operate the offshore drilling rig Deepwater Horizon, which allowed the discharge of crude oil into the waters of the Gulf of Mexico;

    b. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to provide adequate safeguard(s), including but not limited to the installation of a remote control acoustic switch, to prevent the discharge of crude oil in to the waters of the Gulf of Mexico;

    c. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to comply with Federal and/or State Law;

d. Negligence *per se* for acting in contravention of established Federal and/or State Law;

e. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

f. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

g. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants operated the Deepwater Horizon with untrained and unlicensed personnel;

h. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants inadequately and negligently trained personnel and hired untrained or poorly trained personnel;

i. Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed

        to implement policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

j.     Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

k.     Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to timely warn of the catastrophe;

l.     Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to timely bring the oil release under control;

m.     Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to provide appropriate accident-prevention equipment;

n.     Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to observe and read gauges that would have indicated excessive pressures in the well;

    o.    Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants failed to react to danger signs;

    p.    Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, for providing BOPs that did not work properly;

    q.    Negligence, gross negligence, and/or willful, wanton, and careless disregard for the rights of Plaintiff and the Class, in that Defendants conducted well cementing and well cap cementing operations improperly; and

    r.    Such other acts of negligence and omissions as will be shown at the trial of this matter, all of which acts are in violation of Federal laws and regulations and/or State laws and regulations applicable on the Outer Continental Shelf.

35.    As a direct and proximate result of the acts or omissions set forth in the preceding paragraphs, Plaintiff and the Class have suffered or will suffer injuries and damages caused and/or contributed to be caused as a result of the negligence, gross negligence, and careless disregard for the rights of Plaintiff and the Class.

**(Strict Liability)**

36.    Plaintiff incorporates the allegations of paragraphs 1 through 30 above as if set forth herein in full words and figures.

37. Defendants, and each of them, are the responsible parties for the discharge of crude oil from the facility of the Deepwater Horizon and for the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines pursuant to the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701 *et seq*.

38. As a direct and proximate result of the acts or omissions set forth in the preceding paragraphs, Plaintiff and the Class have suffered or will suffer damages recoverable under 33 U.S.C. § 2702(b)(2) for injury to, or economic losses resulting from, destruction of, real or personal property; damages for loss of income and damages for the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources.

39. There are no limitations on Defendants' liability under 33 U.S.C. § 2704, because the oil spill was proximately caused by Defendants' gross negligence or willful misconduct and by their violation of applicable Federal safety, construction, and/or operating regulations.

## VIII.   DAMAGES

40. Plaintiff incorporates all preceding paragraphs as if set forth herein in full words and figures.

41. The acts and/or omissions of Defendants as set forth in the preceding paragraphs constitute negligence and/or gross negligence, negligence *per se,* willful, wanton, and careless disregard for the right of Plaintiff and the Class, and subject Defendants to strict liability, rendering Defendants, and each of them, liable to Plaintiff and the Class for actual, compensatory and punitive damages.

42.     As a direct and proximate result of the conduct, actions, inactions, and behavior of Defendants, and each of them, as more fully set forth in the preceding paragraphs, Plaintiff and the Class have suffered or will suffer and are entitled to receive from Defendants significant damages, including but not limited to damages to real and/or personal property; economic losses resulting from destruction of, real or personal property; damages for the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources; compensatory damages; actual damages; costs and expenses; and other incidental damages, all to the general damages of Plaintiff and the Class, said damages being in an amount to be determined at a trial of this cause.  Plaintiff and the Class also seek pre-judgment and post-judgment interest in an amount not less than 10% per year and/or an amount provided by law.

43.     Plaintiffs are commercial divers or professionals providing supervision and support to commercial divers and/or offshore oil production service industry who labor in the Gulf of Mexico in the geographical areas of the oil spill and/or within geographical areas affected by the oil spill.

44.     Plaintiff and many other members of the proposed class have invested significant time, money, and other resources into pursuing their careers in the commercial diving industry, but are presently precluded from engaging in their chosen careers because of the presence of oil in the waters within which they labor and/or as a result of the closure or slowdown of the offshore oil production service industry.

45. Due to the oil spill, the subsequent environmental damage and associated mitigation efforts, and the protection and/or remediation efforts, maritime workers within commercial diving industry within the Gulf of Mexico are not able to practice their profession.

46. In this regard, the oil spill and the contamination therefrom have caused and will continue to cause a direct and proximate loss of revenue and/or loss of earning capacity to Plaintiff and other members of the proposed class, including, but not limited to, the fact that Plaintiff and the class members are unable to obtain the same quantity and quality of work as existed prior to the oil spill.

47. The injuries to Plaintiff and other class members were also caused by or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations.

48. Moreover, Defendants, and each of them, treated Plaintiff and the Class willfully and wantonly and with gross and reckless negligence, or in such a reckless disregard for their rights as is equivalent to such a wrong, thereby entitling Plaintiff and the Class to punitive damages in a sum to be determined at a trial of this cause, but which is sufficient to punish Defendants, and each of them, and to deter Defendants, and each of them, and others similarly situated from engaging in similar conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, individually and on behalf of all others similarly situated, asks this Court to enter an order certifying the Class for the causes of action alleged herein; enter an Order appointing Plaintiff as Class Representatives and appointing undersigned counsel as counsel for the Class; and enter Judgment finding Defendants liable

jointly and severally to Plaintiff and the Class for actual, compensatory and punitive damages, along with attorneys' fees and other incidental costs and expenses, in an amount to be determined at a trial of this cause, together with pre-judgment and post-judgment interest as provided by law in an amount not less than 10% per year, and any and all additional relief in favor of Plaintiff and the Class deemed appropriate by this Honorable Court.

Respectfully submitted this the 11th day of August, 2010.

**DELISE & HALL**

_/s/ Bobby J. Delise_
BOBBY J. DELISE (#4847)
ALTON J. HALL, JR. (#20846)
7924 Maple Street
New Orleans, LA 70118
bdelise@divelawyer.com
(504) 836-8000 Telephone
(504) 836-8020 Facsimile

**WAIVE SERVICE AT THIS TIME FOR:**
1) **TRANSOCEAN LTD;**
2) **BP, PLC;**
3) **BP PRODUCTS NORTH AMERICA, INC;**
4) **BP AMERICA, INC;**
5) **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC;**
6) **TRANSOCEAN DEEPWATER, INC;**
7) **HALLIBURTON ENERGY SERVICES, INC;**
8) **CAMERON INTERENATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION;**
9) **JOHN and JANE DOES A through G; and**
10) **CORPORATIONS W through Z**